JOHN D. SULLIVAN
BRYAN T. DAKE
Assistant U.S. Attorneys
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email:  John.Sullivan2@usdoj.gov
        Bryan.Dake@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CARY ZANE TODD ALDEN,<br><br>Defendant. | CR 17-86-BLG-SPW<br><br><br>GOVERNMENT'S TRIAL BRIEF |
|---|---|

The United States, represented by Assistant U.S. Attorneys John D. Sullivan and Bryan T. Dake, submits the following trial brief in anticipation of the jury trial in this case set for April 23, 2018.

## INTRODUCTION

The defendant, Cary Zane Todd Alden, has been charged by indictment with

1

voluntary manslaughter, in violation of 18 U.S.C. §§ 1153(a) and 1112(a).

## ANTICIPATED PROOF

On the evening of October 5, 2016, Cary Zane Todd Alden was drinking at a residence in Lame Deer with two of his relatives, Shyanne Killsnight and Dusty Francis. After sharing a bottle of vodka with Alden and Francis, Killsnight went into one of the bedrooms to put her one-year old son to sleep. Later, Francis came into Killsnight's room to berate her for spilling nail polish in one of the other rooms. An argument ensued and Francis attempted to drag Killsnight out of the residence. At that point, Alden and Francis got into a physical altercation and Killsnight returned to the bedroom. A short time later, Alden came into the room and told her to call an ambulance, stating: "I don't know if he's going to make it." Killsnight went into the kitchen and found Francis, who was already deceased.

When officers arrived on scene, Alden spontaneously stated: "I stabbed him, I stabbed him." He was interviewed later that day on the afternoon of October 6, 2016, while in tribal custody. He explained that he had only been in Lame Deer for a couple of months even though he is enrolled in the Crow Tribe, and had spent the previous ten years in Kansas. Alden explained how he and Francis had been in a fight earlier that morning. Alden stated that he had been in possession of multiple knives during the evening because he had been shaving cubes of wood into dice and that he may have had a knife in his hand during the fight with

Francis.

Montana State Medical Examiner Dr. Robert Kurtzman performed the autopsy on Francis's body on October 6, 2016. He identified stab wounds in the following areas: right side of the neck, left upper back, right mid back, left elbow, and back of the neck. All of the wounds were caused by a single-edge knife. In Dr. Kurtzman's opinion, Francis died of the five stab wounds.

The incident occurred at Lame Deer, within the exterior boundaries of the Northern Cheyenne Indian Reservation. Alden is an enrolled member of the Crow Tribe.

## *FRYE/LAFLER* CONSIDERATIONS

The United States notes for the record that no formal plea offer was extended to the defendant. In the government's view, however, a guilty plea to the indictment would have been more beneficial to the defendant than conviction following trial. *See Missouri v. Frye*, 566 U.S. 133 (2012).

## LENGTH OF TRIAL AND NUMBER OF WITNESSES

The United States anticipates calling approximately ten witnesses during its case-in-chief and expects that the case will be submitted to the jury by the end of Tuesday, April 24, 2018.

## ANTICIPATED EXHIBITS

The following is a list of exhibits the government may seek to admit at trial.

1. Two knives
2. Crime scene video
3. Alden's shoes
4. Recorded interview with Alden on October 6, 2016
5. Photographs of the scene, Alden, and Francis's autopsy

## ELEMENTS OF THE CHARGED OFFENSE

In order for the defendant to be found guilty of voluntary manslaughter, in violation of 18 U.S.C. §§ 1153(a) and 1112(a), the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant unlawfully killed Dusty Francis;

Second, while in a sudden quarrel or heat of passion, caused by adequate provocation:

    a)    the defendant intentionally killed Dusty Francis; or

    b)    the defendant killed Dusty Francis recklessly with extreme disregard for human life; and

Third, the killing occurred at a place within the Northern Cheyenne Indian Reservation, which I instruct you is in Indian country; and

Fourth, the defendant is an Indian.

Heat of passion may be provoked by fear, rage, anger or terror. Provocation, in order to be adequate, must be such as might arouse a reasonable and ordinary person to kill someone.

The parties stipulate that the third and fourth elements have been proven beyond a reasonable doubt.

**EVIDENTIARY ISSUES**

**I.        Imperfect self-defense theory of liability**

The government anticipates that evidence will be introduced at trial showing that Alden was injured during a physical altercation with Francis. Pictures taken of him following the incident show blood on his nose and mouth. He was evaluated at the IHS clinic in Lame Deer as well and his medical records show that he suffered mild bleeding from his nose and a three millimeter laceration on his lip. Although Alden did not tell BIA investigators after the incident that he stabbed Francis in self-defense, the government anticipates that he may raise that defense at trial. If that occurs, the government will be arguing that he committed the offense of voluntary manslaughter even though facts may also support a defense of self-defense. *See United States v. Manuel*, 706 F.2d 908, 915 (9th Cir. 1983). "The example most easily conceived is where the defendant is assaulted but does not have a reasonable apprehension of suffering great bodily harm or death, and is therefore privileged to use force, but only non-deadly force, in self-defense." *Id.* In a case of "imperfect self-defense" the defendant "*intends* to use deadly force in the unreasonable belief that he is in danger of death or great bodily harm" in which case the offense is classified as voluntary manslaughter. *Id.*; *see also United States v. Skinner*, 667 F.2d 1306, 1310 (9th Cir. 1982).

## II.     Impeachment by prior conviction

Should Alden choose to testify, the government anticipates impeaching him with his prior felony conviction for Unlawful Wounding in Virginia in 2015 under Federal Rule of Evidence 609.  Under Rule 609(a)(1)(B), evidence of a prior felony conviction "must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant."  The time limitations under Rule 609(b) are not applicable in this case because Alden was sentenced in October 2015.

In making a determination of admissibility under Rule 609(a), and balancing the probative nature against unfair prejudice, a district court should consider five factors: (1) the impeachment value of the prior crime; (2) the point in time of the conviction; (3) the similarity between the past crime and the charged offense; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility.  *United States v. Jimenez*, 214 F.3d 1095, 1098 (9th Cir. 2000).  Although "a trial court need not analyze each of the five factors explicitly, the record should reveal, at a minimum, that the trial judge was aware of the requirements of Rule 609(a)(1).' *United States v. Martinez-Martinez*, 369 F.3d 1076, 1088 (9th Cir. 2004) (internal quotation marks omitted).  "The burden of persuasion is on the prosecutor, and admission is conditioned upon probative value outweighing prejudice." *United States v. Hendershot*, 614 F.2d 648, 653 (9th Cir.

1980).

DATED this 16th day of April, 2018.

                                                  KURT G. ALME
                                                  United States Attorney

                                                  */s/ John D. Sullivan*
                                                  JOHN D. SULLIVAN
                                                  Assistant U.S. Attorney